UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ROMAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ACCLAIM MOBILITY, LLC,<br><br>        Defendant. | Case No. 20-cv-00487-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

      Acclaim's motion to dismiss is granted as to the claims brought by Van Bronkhurst and Martinez. It is denied in all other respects. Although it seems unlikely that the complaint could be amended to state claims on behalf of Van Bronkhurst and Martinez consistent with Rule 11, leave to amend is granted in an abundance of caution. If the plaintiffs choose to file an amended complaint, they must file it by no later than July 15, 2020. The defendant must answer or otherwise respond within 14 days of the filing of an amended complaint, or by July 29 (whichever is earlier). A case management conference is set for 10:00 a.m. on August 5, 2020, and a joint case management statement is due on July 29, 2020. The conference will take place by Zoom.

      1. Acclaim's motion to dismiss for untimeliness is denied without prejudice to raising it again at the summary judgment stage. At the pleading stage, courts will not dismiss a claim for untimeliness unless it is plain on the face of the complaint that the limitations period has run and no tolling doctrine would apply. *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Industries, Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013); *In re Facebook Consumer Privacy Litigation*, 402 F. Supp. 3d 767, 790 & n.10 (N.D. Cal. 2019). That is not the case here: there is at least a serious question

whether the plaintiffs' allegations of continued, systematic discrimination can overcome Acclaim's statute-of-limitations defense. *See* Complaint ¶ 70 ("Defendant's violations of disability access laws . . . are systemic, gross and/or patent and Defendant has intentionally allowed these systemic violations to continue . . . .").

    2. Roman's lawsuit is not barred by the doctrine against claim splitting because her prior case was filed in state court, not federal court. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and so the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (explaining the "difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction"). Perhaps the plaintiffs in this case are abusing the legal process by pursuing identical claims based on identically-worded factual allegations in their state and federal complaints—either for the purpose of harassing the Acclaim Mobility or to engage in inappropriate forum shopping—such that one of the actions should be stayed or dismissed. But Acclaim Mobility's current motion does not make that clear; indeed it does not even invoke the correct doctrine for addressing the question. Accordingly, it would not be appropriate to stay or dismiss this action at this time. "Only the clearest of justifications will warrant dismissal" of a federal case because of a concurrent state proceeding. *Id.* at 819; *see also Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (determining that the *Colorado River* standard governs the decision to stay a federal case for damages pending the resolution of a parallel state proceeding). Denial of this motion is without prejudice.

    3. Because Van Bronkhurst and Martinez do not allege that they were denied full enjoyment of Acclaim's services, neither the ADA, nor the Rehabilitation Act, nor the Unruh Act supplies them a cause of action.[1]

---

[1] Acclaim presents these arguments in terms of standing, but the analysis is the same regardless of how the defects are framed. *Lexmark International v. Static Control Components*, 572 U.S. 118, 128 & n.4 (2014) (explaining that the question of "statutory standing" is equivalent to the question whether the plaintiff has a cause of action under the statute).

Although Title III of the ADA does prohibit discrimination on the basis of a "known . . . relationship or association" with a disabled person, these claims cannot be "entirely derivative of the disabled individual's discrimination." 42 U.S.C. § 12182(b)(1)(E); *Nevarez v. Forty Niners Football Co.*, No. 16-CV-07013-LHK, 2017 WL 3288634, at *5 (N.D. Cal. Aug. 1, 2017). Instead, plaintiffs asserting associational discrimination claims must have suffered a "specific, direct, and separate injur[ies]" of their own. *Nevarez*, 2017 WL 288634, at *5. And their injuries must be of a particular kind: the associational plaintiffs must have been "exclude[d] or otherwise den[ied] equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities" because of the defendant's conduct. § 12182(b)(1)(E). Van Bronkhorst and Martinez's claims are based entirely on the burdens of having to transport Roman to and from her dialysis appointments. *See* Complaint ¶ 39 ("Plaintiff Roman's daughter and grandson have suffered a distinct injury from that of Plaintiff Roman, as the discriminatory conduct by Defendant has left them with no choice but to act as Plaintiff Roman's personal drivers several times a week."). They do not allege that they themselves have been denied service or excluded from any of Acclaim's vans. They therefore cannot sue Acclaim under Title III of the ADA. And because there is "no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," Van Bronkhorst and Martinez's claims under the Rehabilitation Act fail as well. *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

Van Bronkhorst and Martinez have also failed to state an independent claim under California's Unruh Act. The Unruh Act allows lawsuits to be brought by "persons aggrieved" by discriminatory conduct, but California courts have rejected the contention that this language "confer[s] standing upon an expanded class of plaintiffs whose civil rights had not been personally violated." *Osborne v. Yasmeh*, 1 Cal. App. 5th 1118, 1132 (Cal. Ct. App. 2016) (quoting *Midpeninsula Citizens for Fair Housing v. Westwood Investors*, 221 Cal. App. 3d 1377, 1384 (Cal. Ct. App. 1990)). Those who have expended time and resources as a consequence of discrimination against someone else cannot—by virtue of these burdens—assert their own Unruh

Act claims. *Midpeninsula*, 221 Cal. App. 3d at 1383 (rejecting the contrary position because the Act's "language strongly suggests that it was intended to provide recourse for those individuals actually denied full and equal treatment by a business establishment"). That is the nature of Van Bronkhorst's and Martinez's claims, and they must therefore be dismissed. In an abundance of caution because Van Bronkhorst and Martinez have not yet had an opportunity to amend their complaint, dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: July 1, 2020

VINCE CHHABRIA
United States District Judge